# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46311-3-II |
| Respondent, | |
| v. | |
| BERNARDO MARCO MONCADA, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. — Bernardo Moncada appeals his conviction for third degree child assault. He argues that the trial court erred in admitting child hearsay statements because the child declarant did not suffer "substantial bodily harm" as required under RCW 9A.44.120, and the prosecutor engaged in misconduct by violating an in limine order and making improper comments during closing argument.[1] We hold that (1) even assuming that the trial court erred in admitting child hearsay evidence, any error was harmless because that evidence was relatively insignificant and duplicative; and (2) even assuming that the prosecutor engaged in misconduct, Moncada waived this argument by failing to object to the prosecutor's comments. Accordingly, we affirm Moncada's conviction.

---

[1] Moncada also argues that the trial court erred by imposing a term of community custody that exceeded the statutory maximum sentence. However, the State conceded the sentencing error, and the trial court has since corrected the sentence with our approval under RAP 7.2(e). Therefore, we need not address this issue.

FACTS

Moncada and Jessica Baughman have a son, RB, who lives with Baughman in Oregon. On February 16, 2013 eight-year-old RB came to Moncada's home in Vancouver for a visit.

That evening Moncada made dinner for RB and Moncada's three other children. RB refused to eat and began shouting. After spending 20 minutes trying to convince RB to eat without success, Moncada took RB into the bathroom and spanked him three times on his bare buttocks using the soft side of his belt. When RB still refused to eat, Moncada took him back to the bathroom several more times for spankings with the belt against his bare buttocks until RB eventually ate some food.

On February 18, Baughman picked up RB and took him home. While bathing RB that evening, Baughman noticed that he had redness and bruising on his right buttock. There was no broken skin. RB said that Moncada had hit him with a belt.

RB's redness and bruising lasted for seven days, but required no treatment. The bruising on RB's right buttock covered an area approximately three inches by one inch in size. The bruising on RB's left buttock was smaller and lighter, covering about two inches.

Baughman reported the incident to the authorities. As part of the subsequent investigation, child forensic interviewer Amanda Kauffman interviewed RB. Kauffman's interview was recorded. As a result of the investigation, the State charged Moncada with second degree assault of a child, and the information subsequently was amended to include a charge of third degree assault of a child.

The trial court held a chapter 9A.44 RCW hearing prior to trial regarding the admissibility of RB's statements to Baughman and RB's interview with Kauffman. The trial court ruled, provisionally, that RB's hearsay statements passed the reliability indicia and would

2

be admissible if the State produced sufficient evidence that RB's injuries constituted substantial bodily harm.

At trial, RB testified regarding the spankings. Baughman then testified regarding RB's hearsay statements without objection from defense. She stated that RB had said that Moncada had hit him with a belt. After Baughman testified, the trial court ruled that photographs of RB's buttocks and Baughman's testimony had supplied sufficient evidence of bruising that amounted to substantial bodily harm, allowing the Kauffman interview to be admitted under RCW 9A.44.120.

The jury found Moncada not guilty of second degree child assault but found him guilty of third degree child assault. Moncada appeals his conviction.

ANALYSIS

A.    ADMISSION OF CHILD HEARSAY STATEMENTS

Moncada argues that the trial court erred in admitting RB's hearsay statements because there was insufficient evidence to find that RB's red and bruised buttocks amounted to "substantial bodily harm." We do not decide whether the trial court abused its discretion in admitting RB's hearsay. Instead, we hold that even assuming that the trial court erred in admitting the child hearsay statements, any error was harmless because that evidence was relatively insignificant.

Under RCW 9A.44.120, hearsay statements of a child under the age of 10 are admissible in a criminal case when the statements (1) describe "any act of physical abuse of the child by another that results in substantial bodily harm as defined by RCW 9A.04.110"; (2) the court finds that the time, content, and circumstances of the statements provide sufficient indicia of reliability; and (3) the child testifies at the proceedings. Moncada challenges the substantial

3

bodily harm requirement.  But the State argues that even if the trial court erred in admitting RB's hearsay statements, the error was harmless.  We agree.

Improper admission of evidence constitutes harmless error if the evidence is of only minor significance in reference to the evidence as a whole.  *State v. Rodriguez*, 163 Wn. App. 215, 233, 259 P.3d 1145 (2011).  An erroneous admission of evidence does not amount to reversible error unless the court determines within reasonable probability that the outcome of the trial would have been materially affected had the error not occurred.  *State v. Goggin*, 185 Wn. App. 59, 69, 339 P.3d 983 (2014), *review denied*, 182 Wn.2d 1027 (2015).

Here, the child hearsay evidence was not significant in relation to the evidence as a whole.  The hearsay evidence admitted included the statements from RB to Baughman that Moncada hit him and that a belt was used, and Kauffman's recorded interview with RB about the spankings.  But at trial Moncada did not dispute that he spanked RB with a belt – he admitted to the spankings in his own testimony.  Therefore, RB's hearsay statements to Baughman were duplicative of Moncada's own admissions.  Similarly, Kauffman's interview with RB may have provided slightly different details regarding the spankings, but was very similar to Moncada's own testimony.  And RB also testified in person regarding the spankings.  As a result, the child hearsay evidence admitted was insignificant in light of the other evidence presented at trial.

Further, Moncada's argument at trial was not that the spankings did not occur, but that the spankings were reasonable discipline.  Baughman's testimony about RB's statements and the Kauffman interview did not really relate to whether the discipline was reasonable.  As a result, the outcome of the trial would not have been materially affected if that evidence had been excluded.

We hold that even if the trial court erred in admitting RB's hearsay statements, the error was harmless.

B.    PROSECUTORIAL MISCONDUCT

Moncada asserts that the prosecutor engaged in misconduct by (1) violating the trial court's ruling in limine excluding Moncada's other acts of discipline, (2) misstating the State's burden in his closing argument, and (3) arguing facts not in evidence and playing on the jury's emotions by asking what would have happened if RB had never given in to Moncada. Moncada also asserts that cumulative effect of the misconduct requires reversal, even if no single instance of misconduct alone would require such a result. We hold that even assuming that the prosecutor's conduct was improper, Moncada waived his claims by not objecting at trial.

1.    Legal Principles

To prevail on a claim of prosecutorial misconduct, a defendant must show that in the context of the record and all of the circumstances of the trial, the prosecutor's conduct was both improper and prejudicial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011).

However, a defendant waives any claim by failing to object to the prosecutor's improper conduct, unless that conduct was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice. *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). Therefore, to avoid waiver the defendant must show that no curative instruction would have eliminated the prejudicial effect of the prosecutor's conduct. *Id.* at 760-61. This is the case only where the misconduct engendered such feeling of prejudice in the mind of the jury as to prevent a fair trial. *Id.* at 762.

2.    Violation of Trial Court's Ruling in Limine

The trial court ruled in limine to exclude evidence of other occasions when Moncada disciplined RB or any of his other children.  RP 17-18.  The trial court stated, "[Y]ou should tell your witnesses that we're not going to get into other discipline. . . .  In general, I would focus the testimony—or order that the testimony be focused on this one particular issue."  1 RP at 17.  Moncada argues that the prosecutor violated the trial court's ruling in limine during the direct examination of RB by asking RB about an incident in which Moncada spanked him with a slipper.

However, we need not decide whether this questioning was improper because Moncada failed to object to the prosecutor's questioning at trial.  If Moncada had objected, the trial court could have instructed the jury to disregard RB's statement about the slipper and focus only on the spankings with the belt.  Because any prejudice could have been cured, we hold that Moncada waived this claim.

3.    Misstatement of State's Burden

During closing, the prosecutor argued that Moncada's discipline of RB was unreasonable.  The prosecutor read from jury instruction 22, which stated the defense of physical discipline.  The prosecutor then offered these remarks:

> I would argue that the defense cannot assert this defense in this case.  It was unreasonable to do this to the child as discipline because he caused these substantial marks on the child.
>     I would also argue they can't use the defense because the discipline used here was not reasonable and it was not moderate.  It's not moderate to hit a kid with a belt 15 times.  I would argue that based on this case, based on the evidence you heard, the defense cannot assert that.

2 Report of Proceedings (RP) at 271. Moncada argues that the prosecutor improperly shifted the burden of proof by implying that Moncada needed to prove his physical discipline was reasonable, when in fact the State must show that the discipline was unreasonable.

However, we need not decide whether this conduct was improper because Moncada failed to object to the prosecutor's argument at trial. If Moncada had objected, the trial court could have instructed the jury regarding the burden of proof and eliminated any confusion. Because any prejudice could have been cured, we hold that Moncada waived this claim.

4.    Improper Speculation and Appeal to Jury's Emotions

The prosecutor argued in closing:

> The defendant said, I wasn't going to back down. What happens if [RB] never eats that food? What happens if defendant is not going to back down? Is it the kid that has to back down? The kid that has to give in?

2 RP at 274-75. The prosecutor apparently was referencing Moncada's earlier testimony that he had told an investigating officer, "I have never had to go that many rounds" and "I don't give in, either." 2 RP at 236-37. Moncada claims that the prosecutor (1) encouraged the jury to convict based on facts not in evidence when he asked the jury to speculate about what Moncada would have done if RB had not eaten his macaroni and (2) improperly appealed to the jury's emotions.

However, we need not decide whether this conduct was improper because Moncada failed to object to the prosecutor's argument at trial. Moncada argues that the prosecutor's question was so inflammatory that it could not have been cured by objection. We disagree. The question the prosecutor posed was not beyond cure; the court could have instructed the jury to disregard the comment and focus on the facts as testified to at trial. Because the alleged misconduct could have been cured had Moncada objected at trial, we hold that Moncada waived this claim.

5.   Cumulative Misconduct

Moncada argues that even if individual instances of prosecutorial misconduct do not warrant reversal, the cumulative effect of the improper conduct deprived him of a fair trial.  We disagree.

The cumulative effect of repeated prosecutorial conduct may require reversal under certain circumstances.  *See In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 707, 286 P.3d 673 (2012).  However, here any prejudicial effect of the alleged misconduct could have been cured.  There is no indication that the cumulative effect of the alleged misconduct would have resulted in prejudice even if curative instructions had been given.  Therefore, we reject Moncada's claim of cumulative misconduct.

We affirm Moncada's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

BJORGEN, A.C.J.

LEE, J.

8